UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID EDWARD JACKSON, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:24-CV-9-PPS-APR |
| BERNARD A. CARTER, et al., | |
| Defendants. | |

OPINION AND ORDER

David Edward Jackson, III,[1] proceeding pro se, filed a document titled "Civil Complaint – Motion for Consolidation." [ECF 29.] In this filing, the Jacksons seek to amend their complaint, to consolidate this case with 2:20-CV-45, and to obtain appointment of counsel.[2] [*Id*.] He also filed a separate motion to appoint counsel. [ECF 30.] Because the questions of consolidation and appointment of counsel turn on the nature of the claims upon which Jackson proceeds, I will first consider the request to amend the complaint.

At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely

---

[1] Jackson seeks to add his wife and their minor children as plaintiffs to this case, but these individuals are not presently plaintiffs to this case.

[2] Parties must file separate motions for different forms of relief as required by Local Rule 7-1. While the court will overlook the lack of compliance on this occasion, Jackson is cautioned that the court may strike any future filings that do not comply with this rule. He is similarly cautioned against filing the same motion in multiple cases. While there is generally no issue with filing two motions seeking similar or identical relief in two separate cases, each of these motions should include only a single case number in the caption and that case number should pertain to the case in which Jackson intends the motion to be filed.

given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (citation omitted).

On January 5, 2024, Jackson initiated this case by filing a complaint against Prosecutor Wardrip and Parole Officer Otto in connection with his convictions, probation revocations, and child custody proceedings. [ECF 1.] He also sought relief from Bernard Carter in his official capacity as Lake County Prosecutor and Angela McFerrin in her official capacity as Adult Probation Administrator for Lake County. [*Id*.] On March 4, 2024, I entered an order finding that the complaint did not assert any federal claims and that I lacked subject matter jurisdiction over the State law claims. [ECF 11.] I further noted that any potential federal claims that could have been raised based on these allegations appeared to be barred because they implied the invalidity of his convictions and revocation proceedings, due to prosecutorial immunity, and because his description of his probation conditions did not amount to a constitutional violation given his status as a convicted individual on probation. I concluded that Jackson could not proceed on the initial complaint but invited him to file an amended complaint if he could address its deficiencies.

On August 5, 2024, Jackson filed a proposed amended complaint, seeking to expand this case to include his wife and their minor children as plaintiffs and to assert

2

claims against 53 defendants, including but not limited to the State of Indiana, local governmental entities, the Director of the Federal Bureau of Investigation, prosecutors, the Lake County Jail, the Warden of the New Castle Correctional Facility, police officers, probation officers, private companies, State judges, court reporters, the Indiana and United States Attorney Generals, and the Commissioner of the Indiana Department of Correction. [ECF 29-1, ECF 29-2.] He alleges constitutional and State law violations in connection with his arrests, jail conditions, State criminal proceedings, counseling services, terms of probation, a news reporter and her spouse, his landlord, State post-conviction proceedings, State family court proceedings, prison conditions, and parole spanning from March 2018 to the present date.

The overarching issue with the proposed amended complaint is that it contains unrelated claims. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (cleaned up). Though the Jacksons might perceive this six-year chronology as "a series of continuing wrongs," they are not. For example, there is no legally valid reason that a claim against Detective Brazil for his interrogation of Jackson in March 2018, should be in the same

3

lawsuit as a claim against correctional officers for his failure to receive a tablet device at the New Castle Correctional Facility in 2023 or a claim against the Indiana State Police for failing to investigate the defendants in this case in April 2024.

Additionally, while many of the defendants are employed by the State of Indiana and its subdivisions, they are legally distinct for purposes of civil rights lawsuits. *See e.g., Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."); *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021) ("There is no such thing as respondeat superior liability for government officials under § 1983."); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) ("For constitutional violations under § 1983 or *Bivens*, a government official 'is only liable for his or her own misconduct.'"). Moreover, the State of Indiana itself is not a suable entity. *See Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 909 (7th Cir. 1991) ("The Supreme Court, however, long ago dispelled the notion that section 1983 abrogated the states' eleventh amendment immunity[.]"); *Brunken v. Lance*, 807 F.2d 1325, 1328 (7th Cir. 1986) ("[T]he Supreme Court has consistently interpreted the Eleventh Amendment as also prohibiting a suit against a State by a citizen of that same State[.]").

I also find that allowing such an unwieldly amendment at this stage of the proceedings would result in unfair prejudice to the four defendants presently in this case. Allowing Jackson to proceed on this amendment would subject them to a sprawling lawsuit spanning more than six years and involving numerous events in

4

which they had no involvement. Accordingly, I will not allow Jackson to proceed on this proposed amended complaint.

At this juncture, I observe that the operative complaint in this case remains the initial complaint. As detailed above, this complaint asserts only State law claims, and I lack subject matter jurisdiction over these claims. I have already afforded Jackson one opportunity to amend the complaint. Further, it is very difficult to track the allegations specifically pertaining to the current defendants in the proposed amended complaint, which spans a total of 346 pages, but it does not appear that Jackson has adequately addressed the deficiencies with any of the potential federal claims discussed in my prior order. Consequently, I decline to grant Jackson another opportunity to amend his complaint but will instead dismiss this case without prejudice for lack of subject matter jurisdiction. Given this disposition, I also deny the motion to consolidate as moot.

Jackson also requests appointment of counsel. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . . [.]" *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Id.* at 654.

Notwithstanding his asserted health issues, a review of Jackson's filings suggests that he is capable of adequately articulating and organizing the relevant facts, citing

5

relevant legal authorities, advocating for himself, and responding to court orders. While he might struggle to litigate this lawsuit as set forth in the proposed amended complaint,[3] I do not perceive that he is incompetent to litigate the narrower, related claims in this case. Moreover, given the detailed descriptions of the purportedly wrongful acts provided by Jackson, it seems unlikely that recruited counsel in this case could have assisted him in overcoming the bar imposed by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), prosecutorial immunity, or the limitations of his constitutional rights during his time on probation. Therefore, the motion to appoint counsel is denied.

For these reasons, the court:

(1) DENIES leave to proceed on the amended complaint;

(2) DENIES the motion to consolidate (ECF 29);

(3) DENIES the motion for counsel (ECF 30);

(4) DENIES as UNNECESSARY the motion of extension of time to file a response (ECF 32); and

(5) DISMISSES this case for lack of subject matter jurisdiction.

SO ORDERED on September 9, 2024.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT

---

[3] Indeed, the counseled defendants would also struggle to litigate such an unwieldy case, and I would similarly struggle to manage it.